

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED
NOV 29 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re                                      ) Case No. 04-22609-D-13L
                                           ) Docket Control No. MWB-4
KELLY BEALS,                               )
                                           )
            Debtor.                        ) DATE:    November 6, 2007
                                           ) TIME:    1:00 p.m.
_____) DEPT:    D (Courtroom 34)

### MEMORANDUM DECISION ON THIRD MOTION FOR APPROVAL OF ATTORNEYS FEES AND COSTS PAYABLE

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

Kelly Beals (the "debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on March 16, 2004. Mark W. Briden, Attorney at Law ("Counsel") substituted in as counsel for the debtor on May 5, 2004 and this is Counsel's third fee motion. Through this third fee motion (the "Motion"), Counsel seeks additional compensation in the amount of $1,053.00 in fees and $41.20 in costs. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness.

Section 330 of the Code sets out the standard for which courts should determine the reasonableness of attorney's fees. This section provides that in determining the amount of reasonable compensation the court should consider the nature, extent, and value of the

services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases. Reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003).

"The burden is upon the applicant to demonstrate that the fees are reasonable." In re Basham, 208 B.R. 926, 931-932 (9th Cir. BAP 1997) [citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983)].

At the outset the court notes that Counsel represents Chapter 13 debtors on a regular basis and that there is nothing out of the ordinary about this Chapter 13 case. Rather, the debtor's case is a routine, non-business Chapter 13 proceeding. Further, the court notes that when considering the original fee that the debtor paid, along with the fees already approved under Counsel's prior fee motions, Counsel has already been paid a total of $3,159 in this case.[1]

In determining reasonableness under § 330(a)(3)(D) of the Code the court is to consider whether services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. One component of this analysis requires the court to look at what other competent Chapter 13 practitioners would charge for a Chapter 13 case similar in complexity.

---

[1] The debtor's First Amended Chapter 13 Plan filed on May 12, 2004 and confirmed by order of the court on August 9, 2004, estimates Counsel's total fees in the case to be $2,250.

The court notes that under the Guidelines for Payment of Attorneys Fees in Chapter 13 Cases Applicable in the Eastern District of California (the "Fee Guidelines") in effect when this case was filed, the allowed "opt-in" fee for a Chapter 13 case was $2,500 and $4,000 for a business case. Attorneys can "opt-out" of the Fee Guidelines and Counsel has done so here. Although Counsel has "opted-out", there is a general presumption that the attorneys fees set in the Fee Guidelines for those who "opt-in" is sufficient to cover the basic attorney services necessary in a routine Chapter 13 case. See Eliapo, supra at 599. In fact, many competent Chapter 13 attorneys use the "opt-in" procedure provided for in the Fee Guidelines and provide full representation for the fixed fee.

Turning now to Counsel's fee request, the court finds that Counsel's hourly rate ($195 per hour) is reasonable and the court does not have an issue with the quality of Counsel's services. With that said, the court does have a real concern whether Counsel's fee request is reasonable.

There are multiple specific time entries that appear to be excessive. By way of example only, on May 5, 2004 Counsel charged one hour for "Prepare First Amended Chapter 13 plan." Counsel used the Eastern District's form Chapter 13 plan. Thus, preparing the plan entailed filling in four blanks and adding two sentences. Then on May 11, 2004 Counsel charged 1.9 hours to prepare a motion to confirm this plan. The motion is a two page, boilerplate pleading. A review of these charges leads the court to one of two conclusions. One, that Counsel is extremely inefficient, or alternatively the time charged per task is grossly inflated. In either event these charges are clearly excessive and unreasonable. However, rather than dissect

Counsel's fee request line-by-line, or task-by-task, the court chooses to review the fee request on a global basis to determine their reasonableness.

The court finds the total fees requested in this case exceed the reasonable value of services rendered when compared to what other competent practitioners would charge for a similar case.  This is a routine Chapter 13 case and Counsel has already been paid $3,159 which is more than 125% of the fixed fee allowed if an attorney "opts-in" under the Guidelines.  Although Counsel has opted out of the Fee Guidelines, the fixed fee charged by many competent Chapter 13 practitioners is used as a guide as to what is reasonable compensation for handling a routine chapter 13 case.

The burden is on Counsel to demonstrate that the fees requested are reasonable.  The Motion is void of any analysis or discussion as to the reasonableness of the fees requested.  Accordingly, Counsel has not met his burden demonstrating the fees requested are reasonable.  On the contrary, and for the reasons state, the court finds the aggregate fee requested in this case is excessive and unreasonable.

The Court finds that Counsel has already been paid reasonable compensation for the work performed.  Accordingly, the Motion will be denied as the fees requested in the Motion exceed the reasonable value of the services rendered.

A separate order will be entered consistent with this memorandum decision.

Dated: NOV 29 2007

Robert S. Bardwil
United States Bankruptcy Judge

4

Case 04-22609    Filed 11/29/07    Doc 58

## Certificate of Service

NOV 29 2007

I certify that on _____ a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Briden
P.O. Box 493085
Redding, CA 96049-3085

Kelly Beals
910 Aloha Street
Red Bluff, CA 96080

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
         Deputy Clerk